```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
SELWYN ICANGELO,                                                :
                                                                :
                                    Plaintiff,                  :
                                                                :
                    -against-                                   :
                                                                :
COUNTY OF SUFFOLK and                                           :
SUFFOLK COUNTY SHERIFF'S DEPARTMENT                             :
                                                                :
                                    Defendants.                 :
                                                                :
----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 28 2018 ★

LONG ISLAND OFFICE

ORDER
16-CV-1982 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

Incarcerated *pro se* plaintiff Selwyn Icangelo ("plaintiff") brings this action against the County of Suffolk and the Suffolk County Sherriff's Department ("defendants") under 42 U.S.C. § 1983 for allegedly violating his First and Eighth Amendment rights. The claims arise from a physical altercation that occurred between plaintiff and another inmate during a religious service at the Suffolk County Correctional Facility ("SCCF"). Plaintiff alleges that defendants violated his First Amendment right to the free exercise of his religion by refusing to allow him to attend religious services following the altercation. He further alleges that defendants violated his Eighth Amendment right to be protected from harm by allowing the other inmate, who at the time was housed in a Segregated Housing Unit, to sit with the general population during the service. On July 14, 2017, defendants moved for summary judgment on all claims. (ECF No. 39.) On October 18, 2017, the Court referred the motion to the Honorable Arlene R. Lindsay. (ECF No. 49.)

Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Lindsay advising the Court to grant defendants' motion in part. (ECF No. 52.) Specifically, Magistrate Judge Lindsay recommends that summary judgment be denied on plaintiff's First

Amendment claim because issues of fact exists as to (1) whether plaintiff exhausted his administrative remedies; (2) whether defendants' conduct substantially burdened plaintiff's right to the free exercise of his religion; and (3) whether SCCF has a custom, policy, or practice that prevents inmates from attending religious services following a disciplinary disposition. (R&R at 8-18, 20-22.) Magistrate Judge Lindsay recommends that summary judgment be granted on plaintiff's Eighth Amendment claim because (1) there is no dispute that plaintiff failed to exhaust his administrative remedies with respect to that claim; (2) there is no evidence from which a reasonable factfinder could conclude that defendants acted with deliberate indifference; and (3) there is no evidence that the alleged Eighth Amendment violation resulted from an SCCF custom, practice, or policy. (R&R at 14, 18-22.) Finally, Magistrate Judge Lindsay recommends that summary judgment be granted on all claims against the Suffolk County Sheriff's Department because that department is an "administrative arm" of the County of Suffolk that cannot be sued separately. (R&R at 20.) For the reasons explained below, after a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its entirety.

### I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and

2

recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB) (AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Objections to the R&R

Plaintiff submitted objections to the R&R on February 23, 2018. (ECF No. 53.) As explained more fully below, plaintiff objects to Magistrate Judge Lindsay's recommendation that summary judgment be granted on the Eighth Amendment claim. Plaintiff does not object to the recommendation that summary judgment be denied as to the First Amendment claim, or to the recommendation that summary judgment be granted on all claims against the Suffolk County Sheriff's Department.

Defendants did not submit objections to the R&R.

## III. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.

As an initial matter, the Court adopts Magistrate Judge Lindsay's recommendation that summary judgment be denied on plaintiff's First Amendment claim because issues of fact exist as to (1) whether plaintiff exhausted his administrative remedies; (2) whether defendants' conduct substantially burdened plaintiff's right to the free exercise of his religion; and (3) whether SCCF

3

has a custom, practice, or policy that prevents inmates from attending religious services following a disciplinary disposition.[1] Accordingly, summary judgment is denied as to plaintiff's First Amendment claim.

With respect to plaintiff's Eighth Amendment claim, the Court agrees with Magistrate Judge Lindsay that summary judgment should be granted for failure to exhaust his administrative remedies. In his objections, plaintiff argues that he was not required to exhaust his administrative remedies because such remedies were "unavailable." Plaintiff is correct that "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). As explained by Magistrate Judge Lindsay, in *Ross*, the Supreme Court clarified that an administrative remedy is "unavailable" if the purported remedy (1) "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison officials thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. Plaintiff argues, without citation to evidence, that each of these exceptions applies to excuse his failure to exhaust his Eighth Amendment claim. However, there is no evidence that SCCF officers are "unable or consistently unwilling to provide any relief to aggrieved inmates," that the process for submitting a grievance is "so opaque" that it is "incapable of use", or that defendants "thwarted" plaintiff from filing a grievance relating to his Eighth Amendment claim.[2] To the contrary, the undisputed record evidence establishes that plaintiff knew how to submit a grievance, that he had submitted grievances in the past and received responses, and that he did not attempt to submit a grievance with respect to his Eighth Amendment

---

[1] As noted above, defendants did not object to this recommendation.

[2] As explained by Magistrate Judge Lindsay, the evidence that plaintiff attempted to file a grievance relating to his First Amendment claim distinguishes the exhaustion analysis with respect to that claim. (R&R at 8-14.)

4

claim.[3] Accordingly, the Court adopts Magistrate Judge Lindsay's recommendation that summary judgment be granted on the Eighth Amendment claim for failure to exhaust administrative remedies.

Even if plaintiff had exhausted his administrative remedies with respect to his Eighth Amendment claim, the Court agrees with Magistrate Judge Lindsay's conclusion that there is no evidence from which a rational jury could conclude that defendants acted with deliberate indifference to plaintiff's safety. In his objections, plaintiff argues that defendants' deliberate indifference is evidenced by the fact that the inmate who allegedly attacked him was permitted to sit with the general population during the religious service. This argument was raised in opposition to defendants' motion for summary judgment, and was thoroughly considered by Magistrate Judge Lindsay. In any event, after a *de novo* review, the Court agrees that there is no evidence that defendants acted with deliberate indifference to plaintiff's safety.

Finally, the Court agrees with Magistrate Judge Lindsay's conclusion that there is no evidence that the alleged Eighth Amendment violation resulted from an SCCF custom, policy, or practice, as required to hold the County of Suffolk liable. In his objections, plaintiff argues that defendants failed to issue policies and train employees about the risk of having inmates from the Segregated Housing Unit attend religious services with other inmates. However, as Magistrate Judge Lindsay noted, plaintiff's affidavit states that the alleged Eighth Amendment violation occurred because a correction officer failed to enforce SCCF's existing seating policy. With respect to plaintiff's assertion that the violation resulted from a failure to train correction officers,

---

[3] Plaintiff's assertions that he thought his Eighth Amendment claim could not be the subject of a grievance are insufficient to preclude summary judgment. *See Manley v. Grossman*, No. 13-CV-1974 (KMK), 2017 WL 4326541, at *13 (S.D.N.Y. Sept. 27, 2017) (collecting cases).

5

there is no evidence in the record to support that assertion. Accordingly, summary judgment is granted as to plaintiff's Eighth Amendment claim.

## IV. Conclusion

For the foregoing reasons and the reasons set forth in the R&R, IT IS HEREBY ORDERED that the Court adopts the thorough and well-reasoned R&R in its entirety. Accordingly, summary judgment is denied as to plaintiff's First Amendment claim, summary judgment is granted as to plaintiff's Eighth Amendment claim, and summary judgment is granted as to all claims against the Suffolk County Sheriff's Department. IT IS FURTHER ORDERED that defendant serve a copy of this Order on plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2018
Central Islip, NY